# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| WANDA L. BOWLING | § |
| | § Civil Action No. 4:19-CV-144 |
| v. | § (Judge Mazzant/Judge Nowak) |
| | § |
| JUDGE JOHN ROACH | § |
| | § |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On August 8, 2019, the report of the Magistrate Judge (Dkt. #18) was entered containing proposed findings of fact and recommendations that Defendant Judge Roach's First Amended Motion to Dismiss ("Motion") (Dkt. #11) be granted. Having received the report of the Magistrate Judge, having considered Plaintiff's Objection (Dkt. #23), Defendants' Response (Dkt. #24), Plaintiff's Reply (Dkt. #25), and having conducted a de novo review, the Court is of the opinion that the Magistrate Judge's report should be adopted as set forth below.

## RELEVANT BACKGROUND

The facts are set out in further detail by the Magistrate Judge and need not be repeated here.[1] Judge Roach is the presiding state court judge of the 296th District Court of Collin County—the court charged with enforcement of Plaintiff's divorce decree (Dkt. #1). Plaintiff filed suit against Judge Roach, in both his individual and official capacities, on February 28, 2019, after a failed attempt to remove her state court divorce proceeding to this Court (Dkt. #1). Plaintiff's live Complaint purports to assert §§ 1983 and 1985 claims against Defendant, specifically four

---

[1] Plaintiff makes several objections to the factual background in the Report (Dkt. #23 at pp. 1–5); upon independent review, the Court finds Plaintiff's objections to be unfounded and/or irrelevant. Plaintiff's objections related to the factual recitation contained in the report are overruled.

"counts" for: (1) unlawful seizure of property (2) lack of due process (3) conspiracy to interfere with civil rights by threats and intimidation; and (4) abuse of process (Dkt. #8). On April 16, 2019, Judge Roach moved to dismiss Plaintiff's claims, filing his First Amended Motion to Dismiss (Dkt. #11). On August 8, 2019, the Magistrate Judge recommended dismissal of all claims in this case under Rule 12(b)(1) because: (1) Plaintiff's claims against Judge Roach, in his official capacity, are barred by the Eleventh Amendment; and (2) the *Younger* abstention doctrine bars Plaintiff's remaining claims against Judge Roach. In addition, the Magistrate Judge alternatively found Judge Roach entitled to judicial immunity under Rule 12(b)(6) (Dkt. #18). Plaintiff filed Objections to the report on September 9, 2019 (Dkt. #23). Thereafter, on September 17, 2019, Judge Roach filed a Response to Plaintiff's Objections (Dkt. #24). On September 18, 2019, Plaintiff filed a Reply (Dkt. #25).

## OBJECTIONS TO REPORT AND RECOMMENDATION

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo review of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2)-(3). Plaintiff objects to the report on several grounds, including that (1) the Magistrate Judge incorrectly found Judge Roach entitled to sovereign immunity on her claims for injunctive relief; and that (2) the *Rooker-Feldman* and the *Younger* abstention doctrines do not bar Plaintiff's claims against Judge Roach (Dkt. #23). Judge Roach contends dismissal is proper and notes that Plaintiff does not object to certain of the bases supporting the recommendation for dismissal of her suit, including the finding regarding judicial immunity (Dkt. #24). The Court now considers Plaintiff's Objections.

*Sovereign Immunity*

Judge Roach asserted sovereign immunity as a bar to Plaintiff's claims against him in his official capacity. The report found he was entitled to sovereign immunity. Plaintiff objects that the Eleventh Amendment "does not stop a federal [court] from issuing an injunction against a state official who is violating a federal law" (Dkt. #23 at p. 3). To this point, the report stated:

> Although Plaintiff does appear to seek prospective injunctive relief, i.e. "[a]n Injunctive order permanently enjoining/restraining Judge Roach from further acts of discrimination or retaliation" [Dkt. 8 at 18], she has failed to establish any ongoing violations of federal law. Vacating orders previously issued in state court is not prospective relief. Plaintiff has alleged no facts to show an ongoing violation of federal law. A suit against a state official for official acts (as well as a suit against the State itself) is barred by the Eleventh Amendment; accordingly, the Court finds Plaintiff's claims against Judge Roach in his official capacity are barred by the Eleventh Amendment.

(Dkt. #18 at pp. 8–9) (internal citations omitted) (modifications in original).

> Furthermore, "to the extent that [Plaintiff] now seeks to fashion this as a suit against [Judge Roach] in his official capacity for prospective injunctive relief to enforce federal law under *Ex parte Young*, 'a federal court has no power to direct a state court or its judicial officers in the performance of their duties when mandamus is the only relief sought.'"

(Dkt. #18 at pp. 8–9, n. 1) (internal citations omitted) (modifications in original). Defendant advocates that the report's conclusion is correct (Dkt. #24 at pp. 3–4). The Court agrees; Plaintiff has alleged no facts to show an ongoing violation of federal law and no legal authority to support that *Ex Parte Young* should apply to Judge Roach. Judge Roach further identifies that § 1983 does not allow for injunctive relief against a judge except in specific circumstances not present in this case (Dkt. #24 at p. 4). Plaintiff's objection is overruled.[2]

---

[2] Plaintiff also argues that Judge Roach is not entitled to qualified immunity (Dkts. #13 at pp. 12–13; #23 at p. 4). The report did not reach Judge Roach's arguments regarding qualified immunity, thus any such objection is overruled.

**Rooker-Feldman *Doctrine***

Plaintiff also objects to dismissal of her claims through an abstention doctrine, arguing "[Judge] Roach continues to re-open the case to invoke the *Rooker-Feldman* doctrine and allow Defendant[ ] to further deprive her of her rights." Plaintiff urges the Court should, "[i]n the interest of justice[,] … weigh the 'ongoing' unanticipated circumstances against Plaintiff's constitutional rights being violated" (Dkt. #23 at p. 4). As Judge Roach points out (Dkt. #24 at pp. 4–5), the report found the *Rooker-Feldman* doctrine inapplicable in the instant case because of the seemingly ongoing nature of the underlying enforcement action (Dkt. #18 at p. 12). The application of the *Younger* abstention doctrine in Plaintiff's case, as explained by the Magistrate Judge, hinges on whether the underlying action is considered closed or remains ongoing. Here, the enforcement proceedings remain ongoing. Hence, the Magistrate Judge's decision that *Younger* prevents this court from interfering with the state court. Moreover, as further noted by the Magistrate Judge, even if such finding is incorrect and the underlying suit could be determined to be closed, this Court is still precluded from reviewing state law issues already decided by a state court. This court cannot review and reject Plaintiff's state divorce decree or findings derivative thereof. *See Jasper v. Hardin County Sheriff's Dept.*, 1:11-CV-408, 2012 WL 4480713, at *11 (E.D. Tex. Sept. 5, 2012), *report and recommendation adopted*, 1:11-CV-408, 2012 WL 4472261 (E.D. Tex. Sept. 26, 2012) ("Alternatively, if the divorce matter was fully resolved, this Court still does not have the authority to interfere with a state court proceeding."). As to Plaintiff's plea that the Court "weigh the ongoing unanticipated circumstances," Plaintiff provides no support for the Court's authority to do so, nor does she identify the unanticipated circumstances to which she refers. Dismissal of the present action is warranted. Plaintiff's objection is overruled.

*Futility of Amendment*

As a final matter, the report found that Plaintiff should be not be given an opportunity to amend her claims against Defendant Judge Roach. The Court agrees.

## CONCLUSION

Having considered Plaintiff's Objection (Dkt. #23), Defendant's Response (Dkt. #24), Plaintiff's Reply (Dkt. #25), and having conducted a de novo review, the Court adopts the Magistrate Judge's report (Dkt. #18) as the findings and conclusions of the Court.

It is, therefore, **ORDERED** that Defendant Judge Roach's First Amended Motion to Dismiss (Dkt. #11) is **GRANTED** and Plaintiff's claims are **DISMISSED WITHOUT PREJUDICE.**

The Clerk is directed to **CLOSE** this civil action.

**IT IS SO ORDERED**.

**SIGNED this 5th day of November, 2019.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE